UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE RAMOS,<br>    *Plaintiff*,<br><br>v.<br><br>SHAVAHNA KINKADE, *et al.*,<br>    *Defendants*. | No. 3:18-cv-2079 (VAB) |

**ORDER OF DISMISSAL**

Jose Ramos, proceeding pro se and currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, sued Shavahna Kinkade and James Kinkade, two witnesses who testified against him at his state criminal trial in 2016, under 42 U.S.C. § 1983.[1] Complaint, ECF No. 1 ("Compl.").

On December 28, 2018, Magistrate Judge William I. Garfinkel granted his motion to proceed *in forma paupers*. *See* ECF No. 7.

For the following reasons, the Court **DISMISSES** the Complaint.

Mr. Ramos will have until August 2, 2019 to seek leave to amend his Complaint or the Court will direct the Clerk of the Court to close this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. Ramos alleges that the Defendants gave false statements to the Norwich Police Department in June of 2012 and testified falsely under oath at his criminal trial in January 2016.

---

[1] Mr. Ramos has received a prison sentence of sixty years for his stat-court murder conviction. *State v. Ramos*, No. KNL-CR12-0119499-T (Conn. Super. Ct. Apr. 29, 2016). *See Gillums v. Semple*, No. 3:18-cv-00947 (CSH), 2018 WL 3404145, at *5 (D. Conn. Jul. 12, 2018) (finding that a Court may take judicial notice of information on judicial branch website). On December 5, 2017, the Connecticut Appellate Court affirmed his conviction. *State v. Ramos*, 178 Conn. App. 400, 175 A.3d 1265 (2017). The Connecticut Supreme Court later denied Mr. Ramos' petition for certification to appeal the Appellate Court's decision; *State v. Ramos*, 327 Conn. 1003 (2018); and the United States Supreme Court denied his petition for writ of certiorari. *Ramos v. Connecticut*, 138 S. Ct. 2656 (2018).

1

Compl. ¶¶ 1-2. He also alleges that Shavahna Kinkade testified under the influence of hallucinogenic drugs at the trial. *Id.* at ¶ 2.

Furthermore, Mr. Ramos alleges that both defendants spoke about the case outside the courtroom during the proceedings, which deprived him of a fair trial. *Id.* at ¶ 4.

On December 19, 2018, Mr. Ramos filed his Complaint. Compl.

The same day, Mr. Ramos moved for leave to proceed *in forma pauperis*. Motion for Leave to Proceed in forma pauperis, ECF No. 2.

On December 21, 2018, the Court referred the motion for leave to proceed *in forma pauperis* to U.S. Magistrate Judge William Garfinkel. Order Referring Case, ECF No. 6.

On December 28, 2018, Magistrate Judge Garfinkel granted Mr. Ramos's motion for leave to proceed *in forma pauperis*. Order, ECF No. 7.

## II.     STANDARD OF REVIEW

This Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

It is also well-established that "[p]ro se complaints 'must be construed liberally and

interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## III. DISCUSSION

"Section 1983 creates a cause of action against any person who, acting under color of state law, deprives another of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States[.]'" *LeBlanc-Stenberg v. Fletcher*, 67 F.3d 412, 426 (2d Cir. 1995). Private citizens generally are not subject to liability under § 1983. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002). A private actor may act under the color of state law for purposes of Section 1983 if the actor is a "a willful participant in joint activity with the State or its agents." *Id.* at 324 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). In the attorney context, "unless a court-appointed attorney conspires with a state official to violate the plaintiff's constitutional rights, that attorney cannot be liable under Section 1983." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005).

Although he claims that both defendants in this case were acting as "agent[s] for the state," Mr. Ramos has not alleged any facts which would support such an inference. The fact that both defendants provided false information to the police and in court is insufficient to establish joint action with state officials or a conspiracy with state officials to violate Mr. Ramos' constitutional rights. *See Carrillos v. Incorporated Village of Hempstead*, 87 F. Supp. 3d 357, 371 (E.D.N.Y. 2015); *see also Fisk*, 401 F. Supp. 2d at 377 ("Communications between a private and state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor"); *Marion v. Groh*, 954 F. Supp. 39, 43 (D.

Conn. 1997) (dismissing a 42 U.S.C. § 1983 claim against private citizen who testified against plaintiff at criminal trial where plaintiff only generalized conspiracy allegations).

Moreover, "Section 1983 'does not allow recovery of damages against a private party for testimony in a judicial proceeding.'" *Fiore v. Rivera*, No. 14-CV-3570 (JS) (GRB), 2015 WL 5007938, at *4 (E.D.N.Y. Aug. 20, 2015) (quoting *Briscoe v. LaRue*, F, 329 (1983)). Thus, even if Mr. Ramos could somehow allege that the defendants conspired with state officials to give false testimony at his criminal trial, his 42 § 1983 claims would nevertheless fail because witnesses in judicial proceedings are entitled to absolute immunity against claims for damages arising out of their testimony. *See Briscoe*, 460 U.S. at 334 ("At least with respect to private witnesses, it is clear that § 1983 did not abrogate the absolute immunity existing at common law, . . . the common law's protection for witnesses is 'a tradition so well grounded in history and reason' that we cannot believe that Congress impinged on it 'by covert inclusion in the general language before us.'" (citation omitted)).

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Complaint.

Mr. Ramos will have until August 2, 2019 to seek leave to amend his Complaint or the Court will direct the Clerk of the Court to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of June 2019.

      /s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE